IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OHK GLOBAL, INC., § <br> OBAID UDDIN § <br> § <br> v. § <br> § <br> BRIDGE CAPITAL GROUP, LLC, 42 § <br> CONVENIENCE HOLDINGS, LLC, SANDS § <br> INVESTMENT GROUP ATLANTA, LLC § <br> ANDREW ACKERMAN, MARK STOWERS § | CIVIL ACTION NO. 4:20-cv-929 |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Bridge Capital Group, LLC, Sands Investment Group Atlanta, LLC, Andrew Akerman, and Mark Stowers (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, jointly file this Notice of Removal of the present action from the 333rd Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Court, Houston Division.

## I.
## STATEMENT OF GROUNDS FOR REMOVAL

1.  On February 4, 2020, Plaintiffs commenced an action in the 333rd Judicial District of Harris County, Texas by filing their Original Petition captioned "Cause No. 202008085, *OHK Global, Inc., Obaid Uddin v. Bridge Capital Group, LLC, 42 Convenience Holdings, LLC, Sands Investment Group Atlanta, LLC, Andrew Ackerman, and Mark Stowers*." On February 10, 2020, Plaintiffs filed Plaintiff's Amended Original Petition ("Petition"). The Petition alleges that Plaintiffs were introduced by a commercial business broker to representatives of Bridge Capital and Sands Investment Group regarding a business opportunity to lease and operate sixteen gas stations and convenience stores in the greater Corpus Christi area. According to the Petition, inaccurate financial information induced Plaintiffs to enter into the deal. *See* Petition ¶¶ 12-25, 22

("Plaintiffs were fraudulently induced to serve as pawns in a Ponzi Scheme."). Plaintiffs, who are Texas citizens, have named only one Texas citizen as a defendant in this action: 42 Convenience Holdings, LLC ("42 Convenience"). But 42 Convenience, who was not involved in the negotiation of the deal nor the exchange of financial documents or other due diligence in advance of it, is improperly joined. Without the improperly joined party, the parties are completely diverse. Further, the amount in controversy exceeds $75,000. Thus, Defendants remove this case to federal court.

## II.
## PARTIES

2. Plaintiff OHK Global, Inc. is a citizen of Texas because it is a Texas corporation with its principal place of business in Texas. *Id*. ¶ 3.

3. Plaintiff Obaid Uddin is a citizen of Texas. *Id*. ¶ 4.

4. Defendant Bridge Capital Group, LLC is a citizen of Georgia because all its members are citizens of Georgia.

5. Defendant Sands Investment Group, Atlanta, LLC is a citizen of Georgia because all its members are citizens of Georgia.

6. Defendant Andrew Ackerman is a citizen of Georgia.

7. Defendant Mark Stowers is a citizen of Georgia.

8. Defendant 42 Convenience Holdings, LLC is a citizen of Texas because all its members are citizens of Texas.

## III.
## BASIS FOR REMOVAL

9. This Court has jurisdiction of this action, and removal is appropriate, because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the

parties (other than 42 Convenience). 28 U.S.C. §§ 1332, 1441(b)(2). All Defendants consent to removal.[1] Further, this notice is timely filed given that the first of the properly joined Defendants to be served with the Petition was served on February 25, 2020.

A. **The Amount in Controversy Exceeds $75,000**

10. The amount in controversy exceeds $75,000 because Plaintiffs seek "monetary relief of over $1,000,000.00." *Id*. ¶ 2.

B. **There is Complete Diversity of Citizenship**

11. There is complete diversity of citizenship because Plaintiffs are Texas citizens and no properly joined defendant is a Texas citizen. All defendants other than 42 Convenience are citizens of Georgia—and 42 Convenience is improperly joined.

C. **Standard for Establishing Improper Joinder**

A defendant is "entitle[d]" to remove to a federal forum based upon diversity jurisdiction unless an in-state defendant has been "'properly joined.'" *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting 28 U.S.C. § 1441(b)). There are two ways to establish improper joinder: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id*. at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). In order to determine the latter method, the defendant must show there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. at 573. The court may resolve this determination by conducting a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. Further, there are cases that permit a court to "pierce the

---

[1] Defendant Sands Investment Group Atlanta, LLC has not yet been served, but is represented by the undersigned counsel and consents to removal of this action.

pleadings and conduct a summary inquiry[,]" such as where a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder. *Id*.

**D.     42 Convenience is Improperly Joined**

12.     42 Convenience is improperly joined because there is no reasonable basis for the Court to predict that Plaintiffs could recover against 42 Convenience. *See, e.g., Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). Specifically, proper joinder requires that Plaintiffs satisfy federal pleading standards, including Federal Rule of Civil Procedure 9(b). *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) ("A defendant is improperly joined if the moving party establishes that . . . the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse") (emphasis in original). But Plaintiffs' allegations against 42 Convenience fall far short of these standards. *See* Petition ¶¶ 44, 52-53, 68-69.

*Absence of Factual Allegations Specific to 42 Convenience*

13.     The majority of the Petition contains only generic, conclusory allegations that do not even specifically reference 42 Convenience. *See* Plaintiff's First, Third, Fifth, Sixth, Seventh, and Ninth Causes of Action. For instance, the "Factual Background and Defendants' Actions" section of the Petition contains no allegations specific to 42. Likewise, Plaintiffs' breach of contract claim states that "plaintiffs entered into contracts with defendants[,]" but never alleges the existence of a contract between Plaintiffs and 42 Convenience. *See Int'l Energy Ventures*, 818 F.3d at 209 (affirming district court's denial of motion to remand where plaintiff had not stated a claim for breach of contract that survived 12(b)(6)-type analysis because plaintiff had not alleged the existence of a contract between it and the non-diverse defendant). Plaintiffs' First, Third, Fifth, Seventh, and Ninth Causes of Action simply lump all defendants together. The Petition falls short

of the federal pleadings standard, in which "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Threadbare Allegations Referencing 42 Convenience*

14. Further, the scant references to 42 Convenience in the Petition's Causes of Action sections provide no reasonable basis whereby the Court could predict that Plaintiffs could recover against 42 Convenience.

- The only allegation pled against 42 Convenience in support of Plaintiffs' Intentional Misrepresentation cause of action is: "Defendant 42 Convenience misrepresented that it had acquired all the properties subject to the leases." Pet. ¶ 44.

- The only allegations pled against 42 Convenience to support Plaintiffs' Civil Conspiracy cause of action are that: "Defendant 42 Convenience became a part [*sic*] to this conspiracy by participating and continuing in the misrepresentations" and "Defendant 42 Convenience joined this conspiracy by asserting to Plaintiff's [*sic*] that they had acquired the leases and the properties from sellers and have been collecting rent from Plaintiffs." Pet. ¶¶ 52-53.

- The only allegations pled against 42 Convenience to support Plaintiffs' "Fraud and Common Law Fraud" cause of action are that: "Defendants [*sic*] 42 Convenience fraudulently misinformed Plaintiff's [*sic*] that it had acquired all the subject properties which was a material condition precedent" and "Bridge, 42 Convenience have been simultaneously going through the motions of making those [unidentified] repairs without actually making them and informing Plaintiff's [*sic*] that the leases

make them responsible for all the same repairs that were documented before occupancy, and for which a repair escrow account was setup [*sic*]." Pet. ¶¶ 68-69. These conclusory, threadbare statements simply do not meet federal pleading requirements. *See Iqbal,* 556 U.S. at 678; *see also Badon v. R J R Nabisco Inc.*, 224 F.3d at 389 (5th Cir. 2000) (finding no error in district court's determination that the conspiracy claim asserted against in-state defendant was fraudulent).

15. As a result, 42 Convenience is improperly joined; must be dismissed, *Int'l Energy Ventures*, 818 F.3d at 209 (when a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice); and must be disregarded for the purposes of diversity jurisdiction. *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 389 (5th Cir. 2000).

16. Without 42 Convenience, the parties are completely diverse. And, because the amount in controversy requirement is met, removal is proper.

## IV.
## VENUE AND TIMING

17. Venue is proper under 28 U.S.C. § 1441(a) because the state court where the action has been pending is in this District and Division.

18. This removal is timely because it is filed within 30 days of Defendants being served with the lawsuit, and within one year of commencement of the action.

## V.
## CONSENT TO REMOVAL

19. All properly joined Defendants consent to the removal of this action.

## VI.
## ATTACHED DOCUMENTS

20. All documents required under the removal statute and Local Rule 81 are attached.

## VII.
## NOTICE TO STATE COURT

21. Defendants will promptly file a copy of this Notice of Removal and its attachments with the clerk of the state court where the action has been pending.

## VIII.
## CONCLUSION

For these reasons, Defendants Bridge Capital Group, LLC, Sands Investment Group Atlanta, LLC, Andrew Akerman, and Mark Stowers, respectfully request that this action be removed to the United States District for the Southern District of Texas, Houston Division.

Respectfully Submitted:

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Fred Wahrlich*
    **Fred Wahrlich**
    State Bar No. 20666500
    Federal Bar No. 0248
    700 Milam Street, Suite 2700
    Houston, Texas 77002-2806
    Telephone: (713) 222-1469
    Facsimile: (713) 222-5869
    Email: fwahrlich@munsch.com

    **ATTORNEY FOR DEFENDANTS BRIDGE CAPITAL GROUP, LLC, SANDS INVESTMENT GROUP ATLANTA, LLC, ANDREW ACKERMAN, AND MARK STOWERS**

## **CERTIFICATE OF SERVICE**

      I certify that on the 13th day of March, 2020**,** a true and correct copy of the foregoing instrument was served upon all counsel of record, pursuant to the Texas Rules of Civil Procedure, by email and/or electronic e-service:

Azhar Chaudhary
State Bar No. 24082804
Sanjay R. Chadha
State Bar No. 00895287
720 Rusk St., Suite 223
Houston, Texas 77002
Email: attorney@chaudharyjd.com; srchadha@reachalaw.com
*Attorneys for Plaintiffs*

Thomas K. Brown
THE BROWN LAW FIRM, LLLP
Three Riverway, Suite 1775
Houston, Texas 77056
Email: tom@brownfirm.net
*Attorney for 42 Convenience Holdings, LLC*

                                                */s/ Fred Wahrlich*
                                                **Fred Wahrlich**

4838-9174-9047v.3 019026.00001