

RXT / ALL
**Transmittal Number: 22569087**
**Date Processed: 01/15/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sandra Rodriguez<br>Terex Corporation<br>45 Glover Avenue<br>4th FL<br>Norwalk , CT 06851 |
| **Electronic copy provided to:** | Dave Wingo<br>Jim Celentano<br>Marcy Demby |

| | |
|---|---|
| **Entity:** | Terex Corporation<br>Entity ID Number  1950584 |
| **Entity Served:** | Terex Corporation |
| **Title of Action:** | Graciela Bujanda individually and a/n/f of K B and S B (minors) vs. Equipmentshare.Com Inc |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2020=0G813 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/14/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Gilbert Garza<br>713-977-9000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

**EXHIBIT**
**A-1**

Receipt Number: 876015
Tracking Number: 73830537

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202006813

| PLAINTIFF: BUJANDA, GRACIELA (INDIVIDUALLY AND A/N/F OF K B AND S B)(MINORS) | In the 113th Judicial |
|---|---|
| vs. | District Court of |
| DEFENDANT: EQUIPMENTSHARE.COM INC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TEREX CORPORATION BY SERVING ITS REGISTEREDF AGENT CORPORATION SERVICE COMPANY
DBA CSC – LAWYERS INCORPORATING SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

Came To Hand: _1/14/21_

Delivered: _01/14/2021_

By: _VS  PSC-12617_

Attached is a copy of PLAINTIFFS THIRD AMENDED ORIGINAL PETITION APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION AND REQUEST FOR DISCLOSURE.

This instrument was filed on January 8, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this January 13, 2021.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: LISA THOMAS

Issued at request of:
GARZA, GILBERT
1421 PRESTON STREET
HOUSTON, TX  77002
713-977-9000

Bar Number: 24032221

10/16/2020 1:11 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47262183
By: Wanda Chambers
Filed: 10/16/2020 1:11 PM

CAUSE NO. 2020-06813

| | | |
|---|---|---|
| GRACIELA BUJANDA, INDIVIDUALLY, | § | IN THE DISTRICT COURT OF |
| AND A/N/F OF K.B. AND S.B., MINORS, | § | |
| AND AS THE PERSONAL | § | |
| REPRESENTATIVE OF THE ESTATE OF | § | |
| SILVESTRE QUEBRADO MUNOZ, A/K/A | § | |
| JUAN BRAVO, DECEASED | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EQUIPMENTSHARE.COM, INC., ET AL. | § | 113TH JUDICIAL DISTRICT |

## PLAINTIFFS' THIRD AMENDED ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Graciela Bujanda, individually, and a/n/f of K.B. and S.B. (collectively "Minor Plaintiffs), minors, and Fructuoso Quebrado and Maria Felix Munoz Castrejon De Quebrado (collectively "Plaintiffs"), complaining of EquipmentShare.com, Inc., Satterfield and Pontikes Construction, Inc., Genie Industries, Inc. and Terex Corporation (collectively "Defendants"), and would respectfully show unto this Honorable Court the following:

### I.

### DISCOVERY CONTROL PLAN

1.1     Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff designates this matter as a Level 2 case for discovery purposes.

### II.

### PARTIES

2.1     Plaintiff, Graciela Bujanda, individually, and as next friend of Minor Plaintiffs, is an individual who resides in Harris County, Texas.

2.2     Plaintiff, Fructuoso Quebrado, is an individual who resides in Mexico.

Certified Document Number: 92661962 - Page 1 of 7

2.3     Plaintiff, Maria Felix Munoz Castrejon De Quebrado, is an individual who resides in Mexico.

2.4     Defendant, EquipmentShare.com, Inc., has answered and appeared in this cause of action.

2.5     Defendant, Satterfield and Pontikes Construction, Inc., has answered and appeared in this cause of action.

2.6     Defendant, Genie Industries, Inc., is a foreign corporation doing business in the State of Texas, and may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

2.7     Defendant, Terex Corporation, is a foreign corporation doing business in the State of Texas, and may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

2.8     Intervenors are Thalia Quebrado, Delia A. Quebrado, Jorge Quebrado, Sheila Quebrado, and Luisa Catalan Aguilar as Next Friend of L.S., a minor, individually, and on behalf of the Estate of Silvestre Quebrado Munoz AKA "Juan Bravo", deceased.

### III.

### VENUE

3.1     Venue is proper in Harris County, Texas, pursuant to Chapter 15 of the Texas Civil Practice and Remedies Code in that Harris County is where the incident made the basis of this cause of action occurred.

### IV.

### FACTS

4.1     This cause of action is brought by reason of injuries and damages as a result of an on-the-job injury caused by Defendants at or near 3030 Trenton Rd., Houston, Texas 77093, on or about

Certified Document Number: 92661962 - Page 2 of 7

January 21, 2020, in Harris County.

4.2     On or about that date, Silvestre Quebrado Munoz, a/k/a Juan Bravo ("Decedent") suffered fatal injuries when the boom lift on which Decedent was working collapsed and cause him to fall to the ground. Said boom lift was owned and/or operated and/or manufactured under the direction and control of Defendants.

4.3     Defendants are liable under the doctrine of respondeat superior.

*IV.*

CAUSE OF ACTION

5.1     Plaintiffs incorporate herein by reference Paragraphs 4.1 through 4.3, inclusive, for all purposes as if set forth verbatim.

5.2     This cause of action is brought under and by virtue of the laws of the State of Texas to recover those damages to which Plaintiffs and Minor Plaintiffs are justly entitled to receive.

5.3     Plaintiffs would show that she is the widow of Decedent, and that Minor Plaintiffs are the children of Decedent.

5.4     Plaintiffs would further show they are entitled to bring this action pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code. Accordingly, Plaintiffs maintain this action against Defendants pursuant to the Wrongful Death Statutes of the Texas Civil Practice and Remedies Code.

5.5     Plaintiffs would further show that nothing Decedent did or failed to do caused the occurrence in question. On the contrary, the occurrence in question was proximately caused by the negligent and/or gross negligent acts and/or omissions of Defendants, including their failure to exercise ordinary care and violations of the laws of the State of Texas.

5.6     Plaintiffs would show that Defendants owed a duty to Decedent.

5.7    Plaintiffs would further show that the following acts and/or omissions by Defendants were a breach of said duty and a direct and proximate cause of Decedent's injuries and death and the damages of Plaintiffs and Minor Plaintiffs:

      a.      Creating and unreasonably dangerous condition;

      b.      Failing to properly maintain the job site in a safe condition suitable for ordinary use;

      c.      Failing to properly maintain equipment such as the boom lift in controversy so that it is safe for ordinary use;

      d.      Failing to exercise reasonable care to reduce or to eliminate a dangerous condition at the job site;

      e.      Failing to properly train and supervise employees so as to avoid unreasonable risk of harm to Decedent and others through incidents such as the one made the basis of this cause of action;

      f.      Providing defective equipment such as the boom lift in controversy;

      g.      Renting or leasing defective equipment such as the boom lift in controversy;

      h.      Manufacturing defective equipment such as the boom lift in controversy;

      i.      Failing to adequately inspect and repair the boom lift in controversy;

      j.      Failing to ensure the boom lift in controversy was safe for use when it left Defendants' possession.

5.8    Each and every of the foregoing acts and/or omissions, taken singularly and/or in combination, constitute negligence and/or gross negligence that proximately caused Decedent's injuries and death and the damages of Plaintiffs, Minor Plaintiff and the Estate of Decedent.

Certified Document Number: 92661962 - Page 4 of 7

*VI.*

<u>DAMAGES</u>

6.1     As a result of the incident made the basis of this cause of action, Plaintiffs and Minor Plaintiffs have suffered the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of pecuniary value by Decedent. Also, Plaintiffs and Minor Plaintiffs have suffered mental anguish because of Decedent's death. Said losses will be suffered in the future as well. In addition, Plaintiffs and Minor Plaintiffs have suffered the loss of Decedent's companionship and society. Further, as a result of the incident made the basis of this cause of action, Plaintiffs and Minor Plaintiffs have suffered the loss of inheritance from Decedent. Plaintiffs maintain this lawsuit against Defendants for a just and reasonable sum within the jurisdictional limits of this Court, plus pre- and post-judgment interest as authorized by law.

6.2     Plaintiffs seek monetary relief over $1,000,000.

*VII.*

<u>APPLICATION FOR TEMPORARY RESTRAINING ORDER</u>

7.1     Plaintiff asserts that Defendant, EquipmentShare.com, Inc., may change, alter or destroy documents or physical evidence related to or involved in the incident made the basis of this cause of action unless this Court enters a Temporary Restraining Order restraining Defendant, EquipmentShare.com, Inc., from changing, altering or destroying any tangible evidence related to the incident, including but not limited to the boom lift that was involved in the incident.

7.2     For Plaintiff to properly investigate and pursue her claims, recover damages and see that justice is done, this Court should restrain Defendant, EquipmentShare.com, Inc., its agents, servants, employees, contractors, independent contractors and other contract employees, attorneys and those acting in concert with Defendant, EquipmentShare.com, Inc., from changing, altering

Certified Document Number: 92661962 - Page 5 of 7

and/or destroying documents or physical evidence of any kind related to or involved in the incident made the basis of this cause of action. Additionally, Plaintiff is entitled to injunctive relief under sections 65.011(1) and (3) of the Texas Civil Practice and Remedies Code.

7.3     There is not enough time to serve formal notice on Defendant, EquipmentShare.com, Inc., and hold a hearing, and it is unknown whether Defendant, EquipmentShare.com, Inc., is represented by counsel at this time. Plaintiff is willing to post a bond. Given the lack of any potential damage to Defendant, EquipmentShare.com, Inc., from the injunctive relief requested herein, Plaintiff submits that a nominal bond is sufficient. Plaintiff submits herewith, and incorporates by reference as Exhibit A, the verification of Gilbert Garza in support of her request for a temporary restraining order.

## VIII.

### REQUEST FOR TEMPORARY INJUNCTION

8.1     Plaintiff asks the Court to set her application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendant, EquipmentShare.com, Inc., granting the relief set forth above.

## IX.

### REQUEST FOR DISCLOSURE

9.1     Pursuant to the Texas Rules of Civil Procedure, Plaintiffs request that Defendants disclose within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer, and that upon final proof thereof, Plaintiffs have judgment against Defendants, jointly and severally, for damages as described herein in a sum within the

jurisdictional limits of the Court, that Plaintiffs have pre- and post-judgment interest at the legal rate from date of entry until paid, costs of court and other and further relief, general and special, legal or equitable, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**ADLEY LAW FIRM LTD, LLP**

*/s/ Kevin Adley*

Kevin Adley
State Bar No.00790207
Gilbert Garza
State Bar No. 24032221
1421 Preston St.
Houston, Texas 77002
Telephone: (713) 977-9000
Telecopier: (713) 977-9050
Email: ggarza@adleylaw.com

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been delivered *via electronic service, hand delivery, certified mail, return receipt requested, regular mail and/or facsimile* to all counsel of record on this the 16th day of October, 2020.

*/s/ Gil Garza*

GILBERT GARZA



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 17, 2020

Certified Document Number:          92661962 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**